# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE GENTILE and MARK GENTILE, | |
| Plaintiffs, | NO. 3:06-CV-02286 |
| v. | (JUDGE CAPUTO) |
| TRAVELERS PERSONAL INSURANCE COMPANY, ST. PAUL TRAVELERS COMPANIES, INC., and SUSAN ADAMITIS, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiffs Renee and Mark Gentile's Motion to Remand. (Doc. 5.) For the reasons set forth below, Plaintiff's motion will be granted.

## BACKGROUND

This case arises out of a first party medical claim that was made under an insurance policy as a result of an automobile accident that occurred on May 8, 2005. Plaintiffs initiated suit by filing a Complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, on November 3, 2006. The suit was filed against Travelers Personal Insurance Company ("Travelers"), St. Paul Travelers Companies, Inc. ("St. Paul"), and Ms. Susan Adamitis ("Adamitis"), individually, as the claims representative who handled Plaintiffs' insurance claim. Travelers is a citizen of the State of Connecticut, St. Paul is a citizen of the State of Minnesota, and Plaintiffs and Ms. Adamitis are citizens of the Commonwealth of Pennsylvania.

The thrust of Plaintiffs' Complaint is that Defendants wrongfully handled and denied Plaintiff Renee Gentile's claim for first party medical benefits. The Complaint

contains a total of eight counts, all of which are directed against Travelers and St. Paul. Counts II ("Breach of Fiduciary Duty"), III ("Negligent Infliction of Emotional Distress"), and V ("Negligence") are directed against Defendant Susan Adamitis.

On November 27, 2006, Defendants filed a notice of removal, averring that Defendant Adamitis's state of residency should be disregarded for purposes of determining diversity jurisdiction under the "fraudulent joinder" doctrine. On December 26, 2006, Plaintiffs filed the present motion to remand. (Doc. 5.) Briefs in support and opposition to this motion were thereafter filed. (Docs. 8, 12, 13.) This motion is fully briefed and ripe for disposition.

## DISCUSSION

### A. Fraudulent Joinder

Pursuant to 28 U.S.C. § 1447(c), this Court must remand any action if "it appears that the district court lacks subject matter jurisdiction." Thus, since this case is before the Court on the basis of our diversity jurisdiction, we must remand if there exists a want of diversity of citizenship. The United States Supreme Court has held that in order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Although Travelers and St. Paul are of diverse citizenship, since both Plaintiffs and Ms. Adamitis are citizens of Pennsylvania, it appears that there is a lack of "complete diversity" in this matter.

Nevertheless, Defendants ask the Court to deny Plaintiffs' Motion to Remand on

the grounds that Ms. Adamitis was fraudulently joined as a party.  The "fraudulent joinder" doctrine does not require a showing of fraud as the term is generally understood.  *Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F.Supp. 43, 46 (E.D. Pa. 1985).  Instead, the Third Circuit Court of Appeals has noted that joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985) (quoting *Goldberg v. CPC Int'l, Inc.*, 495 F.Supp. 233, 239 (N.D. Cal. 1980)).  Thus, joinder may be considered fraudulent if the plaintiff has failed to state a cause of action against the nondiverse defendant.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir.1990) (citations omitted), *cert. denied*, 498 U.S. 1085 (1991).  But, "if there is even a possibility that a state court would find that the complaint states a cause of action against [the] resident[] defendant, the federal court must find that joinder was proper and remand the case to state court."  *Id*. at 111 (citation omitted).  Furthermore, the Third Circuit Court of Appeals has held that "where there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses."  *Id.* at 113 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146 (1914)).

     The removing party bears the burden of demonstrating that the plaintiff has fraudulently joined a party in an effort to defeat diversity jurisdiction, and this burden is a heavy one.  *Id.* at 111; *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006,

1011 (3d Cir. 1987), *cert. dismissed sub nom.*, *Am. Standard, Inc. v. Steel Valley Auth.*, 484 U.S. 1021 (1988).  In determining whether a defendant has met this burden, a district court must analyze the complaint, assuming as true all factual allegations made therein. *Steel Valley*, 809 F.2d at 1011.  The Court must also "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff."  *Boyer*, 913 F.2d at 111.  Thus, if we determine that Defendant Adamitis has been fraudulently joined, we must dismiss the complaint as to Ms. Adamitis while maintaining jurisdiction over the dispute in this Court.  If, however, we find that Plaintiffs have properly stated a claim against Ms. Adamitis, we must remand this matter to the Court of Common Pleas in accordance with 28 U.S.C. § 1447(c).  With this in mind, we turn to the complaint and ask whether Plaintiffs have properly stated a claim against Ms. Adamitis under Pennsylvania law.

Finally, in determining the legitimacy of a complaint in a jurisdictional analysis, a court does not apply the Rule 12(b)(6) standard, that is, has the plaintiff "failed to state a claim upon which relief may be granted".  Rather, the Court may conclude that parties have been fraudulently joined only upon a finding that a claim is "wholly insubstantial and frivolous".  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (1992) (citing *Lunderstadt v. Colafella*, 885 F.2d 66 (3d Cir. 1989).  Put another way, the inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than permissible when a party makes a claim of fraudulent joinder.  Thus, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.  *Id*.

**B.    Plaintiffs' Claims Against Defendant Adamitis**

With respect to Plaintiffs' claim of negligence against Ms. Adamitis, we begin by noting that as a threshold issue, in order to sustain a cause of action in negligence, a plaintiff must prove (1) the existence of a duty, (2) defendant's breach of that duty, and (3) causation between said breach of duty and (4) damages incurred by plaintiff. *Bailey v. Tucker*, 621 A.2d 108 (Pa. 1993). While neither party here disputes that an insurer owes a duty of care to the insured, the parties diverge on whether insurance adjusters also owe this duty directly to insureds. And while other states may have decisive law on this issue, Pennsylvania does not. Since the Court can find no cases expressly precluding a negligence suit against an insurance adjuster by an insured, we may not at this stage of the litigation hold that Plaintiffs' negligence claim against Defendant Adamitis is wholly insubstantial or frivolous.

Further, with regard to Plaintiffs' claim of a breach of a fiduciary duty, it cannot be said that no reasonable basis in fact or colorable ground supports this claim. The Court, when performing a jurisdictional analysis, must resolve all uncertainties as to the current state of controlling substantive law in Pennsylvania in favor of the Plaintiff. Whether or not an insurance adjuster owes a fiduciary duty directly to customers when handling their insurance claims is an unsettled matter of law in Pennsylvania. Defendants have not provided–and the Court's independent research did not uncover–any Pennsylvania case law in support of the proposition that no such duty exists. Therefore, the Court finds it possible that Plantiffs could establish that Defendant Adamitis breached the fiduciary duty owed to them, and that this claim is not wholly insubstantial or frivolous.

Finally, Plaintiffs' claim for negligent infliction of emotional distress is colorable

under current Pennsylvania law.  A plaintiff making out a claim for negligent infliction of emotional distress in Pennsylvania must establish the traditional elements of a negligence claim, and must also establish at least one of the following four elements: (1) that the defendant had a contractual or fiduciary duty toward him, (2) that plaintiff suffered a physical impact, (3) that plaintiff was in a "zone of danger" and at risk of an immediate physical injury, or (4) that plaintiff had a contemporaneous perception of tortious injury to a close relative.  *Doe v. Phila. Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000).  Because the Court has found that it is possible that Plaintiffs will be able to establish both negligence and a breach of fiduciary duty by Defendant Adamitis, we are constrained to hold that Ms. Adamitis has not demonstrated that this claim is wholly insubstantial and frivolous as to justify dismissal.

Accordingly, the Court holds that Ms. Susan Adamitis, who is a Pennsylvania resident, was not fraudulently joined, and will be maintained as a party to this action.  On this basis, the Court lacks jurisdiction to preside over the remainder of this case.  Plaintiff's Motion to Remand will be granted.

## CONCLUSION

For the reasons set forth above, the Court shall grant Plaintiff's Motion to Remand.  An appropriate Order will follow.


February 21, 2007                                         /s/ A. Richard Caputo
Date                                                                A. Richard Caputo
                                                                         United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE GENTILE and MARK GENTILE,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>TRAVELERS PERSONAL INSURANCE COMPANY, ST. PAUL TRAVELERS COMPANIES, INC., and SUSAN ADAMITIS,<br><br>　　Defendants. | NO. 3:06-CV-02286<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this  21st  day of February, 2007, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Remand (Doc. 5), is **GRANTED**. The Clerk of Court shall remand this case to the Court of Common Pleas of Lackawanna County, Pennsylvania.

(2) The Clerk of Court shall mark this case **CLOSED**.


　　　　　　　　　　　　　　　　　　　　　 /s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge